IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAY WARREN ARNOLD #02061090, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | A-26-CV-01345-RP |
| | § | |
| JUDGES TEXAS COURT OF | § | |
| CRIMINAL APPEALS, et al., | § | |
| DEFENDANTS. | § | |

## ORDER

Before the Court is Plaintiff Jay Warren Arnold's complaint. The Court granted Plaintiff

leave to proceed *in forma pauperis*. For the reasons discussed below, the Court dismisses Plaintiff's

complaint.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the

Terrell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division.

Plaintiff was convicted of aggravated assault family violence and aggravated kidnaping. He is

serving a 60-year prison sentence.

Plaintiff sues the judges, clerks, and staff attorneys of the Texas Court of Criminal Appeals

Judges and Judge Susan Kelly, Judge of the 54th Judicial District Court of McLennan County,

Texas. Plaintiff claims he filed a pro se state application for habeas corpus relief, which was denied

by the Texas Court of Criminal Appeals. According to Plaintiff, he later discovered his application

was non-compliant and contends the state court should have dismissed it instead of denied it.

Because his initial state application was dismissed rather than denied, his subsequent counseled state

1

application for habeas corpus relief was dismissed as successive. Plaintiff blames this on vague and poorly written state laws, the state court's refusal to change the ruling on his first state application to denied instead of dismissed, and the state court's use of the wrongly decided first state application to dismiss his second state application. He argues he was denied a meaningful first-tier appellate review of substantial claims of ineffective assistance of trial counsel.

Plaintiff requests the Court to issue a declaratory judgment stating:

1.   the procedures employed by the Defendants render the State's corrective process fundamentally inadequate to vindicate the substantial rights to due process, equal protection and the effective assistance of trial counsel;

2.   the Texas Code of Criminal Procedure, Articles 1.051(d)(3) and 11.07 §§ 3-5, provide for arbitrary enforcement and the unconstitutional abridgement of the Sixth Amendment right to the effective assistance of trial counsel;

3.   the Due Process and Equal Protection Clauses required Texas to utilize their statutory interest of justice right to indigent post-conviction habeas counsel for purposes of obtaining meaningful first-tier appellate review of colorable ineffective assistance of trial counsel claims; and

4.   the procedures employed by the Defendants justify Texas being stripped of its Federal AEDPA Shield, as provided by 110 Stat. 1214, §§ 101, 104, 106 (1996) in Federal habeas corpus proceedings initiated by Plaintiff Arnold or any of the proposed class members.

He further seeks other relief to which Plaintiff is entitled.

DISCUSSION AND ANALYSIS

1.   Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a

complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

> 2.    Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

> 3.    Jurisdiction

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

> 4.    *Rooker-Feldman* Doctrine[1]

*Rooker-Feldman* precludes lower federal courts from exercising "appellate jurisdiction over final state-court judgments." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (quotation

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

omitted).  Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to consider cases where: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries were caused by the state court judgment; (3) plaintiff's claims invite the federal court to review and reject the state court judgment; and (4) the state court judgment was rendered before plaintiff filed proceedings in federal district court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  "[I]n addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision."  *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384-85 (5th Cir. 2017) (citation omitted).  The Fifth Circuit has previously held that "issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule."  *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

Plaintiff challenges the propriety of the state court's decision denying his first state application for habeas corpus relief and dismissing his second state application for habeas corpus relief.  Because he has not shown that the state court's decisions were void, the *Rooker-Feldman* doctrine bars review of his claims directed at those state decisions.  *See Norman v. U.S. Atty. Gen. for W. Dist. of Tex.*, No. 23-50360, 2024 WL 64769 (5th Cir. Jan. 5, 2024) (citing *United States v. Shepherd*, 23 F.3d 923, 925 & n.5 (5th Cir. 1994)).

     5.     <u>Mandamus</u>

Moreover, Plaintiff's are construed as a request for mandamus relief.  *Id.* at *2 (holding district court appropriately construed request to stop defendants from violating federal criminal laws and to compel them to perform certain non-discretionary acts as seeking mandamus relief).  "The

common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973).

Defendants are not officers or employees of the United States or any federal agency. Consequently, this Court is without power to order them to take particular action with regard to Plaintiff's requests. As such, Plaintiff's request for mandamus relief is frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

CONCLUSION

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. In addition, his request for mandamus relief is frivolous because the defendants are not federal actors. Ordinarily, the Court would allow Plaintiff an opportunity to amend his complaint before dismissal. However, any amendment in this case would be futile.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e). Any and all pending motions are **DISMISSED** as moot.

**SIGNED** on June 2, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE